IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CHARLES STANGO, | |
| Petitioner, | CIVIL ACTION NO.: 2:20-cv-30 |
| v. | |
| LINDA GETER, | |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charles Stango ("Stango"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  Respondent filed a Motion to Dismiss, doc. 8, and Stango submitted a letter, which was filed after the Motion to Dismiss.  Doc. 10.[1]  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Stango's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Stango *in forma pauperis* status on appeal.

## BACKGROUND

Stango is currently serving a federal sentence imposed by the District Court for the District of New Jersey for racketeering, in violation of 18 U.S.C. § 1958(a).  Doc. 8-2 at 3.  He was sentenced to 120 months' imprisonment and has a projected release date of March 19, 2024.  Id. at 3: Doc. 8-1 at 10.

---

[1] Stango's letter is not responsive to the Motion to Dismiss or the Court's Order directing Stango to respond to the Motion.  Thus, the Court could dismiss Stango's Petition based in his failure to follow a Court Order.  Doc. 9.  Nevertheless, the Court addresses the merits of Stango's Petition and Respondent's Motion.

Stango was charged with violating Code 196A, use of mail for an illegal purpose, after he mailed an "affidavit" to an Assistant United States Attorney and threatened her with filing documents against her. Doc. 8-1 at 3. After a disciplinary hearing, Stango was sanctioned with the disallowance of 41 days of good conduct time and 30 days in disciplinary segregation, suspended. Id. at 4.

## DISCUSSION

In his Petition, Stango contends his due process rights were violated because the disciplinary hearing officer ("DHO") did not consider his exculpatory evidence. Doc. 1 at 6; Doc. 1-2 at 6. Stango also contends the Solitary Confinement Act was violated based on his extended placement in administrative segregation. Stango asks the Court to expunge the incident report from his record and restore his 41 days' lost good conduct time. Doc. 1 at 8.

Respondent asserts Stango's Petition should be dismissed because his due process rights were not violated. Doc. 8 at 3–7. Respondent avers Stango is not entitled to relief under the Solitary Confinement Act because it has not been passed into law, he has no liberty interest in not being in administrative segregation, and he is no longer in administrative segregation. Id. at 7–8.

I. Whether Due Process Requirements Were Met

    A.    Disciplinary Proceedings

To determine whether Stango's right to due process was violated, the Court must determine what process was owed to Stango. A prisoner has a protected liberty interest in statutory good time credits, and therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are taken away or denied. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S.

539, 555–57 (1974)).  That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him; (2) is given the opportunity to call witnesses and present documentary evidence; and (3) receives a written statement setting forth the disciplinary board's findings of fact.  Id. (citing Wolff, 418 U.S. at 563–67).  Additionally, the Eleventh Circuit Court of Appeals has determined an inmate has the right to attend his disciplinary hearing.  Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992).  Importantly, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants.  Id.

Stango was charged on May 7, 2018, with committing a Code 196A prohibited act after he corresponded with an Assistant United States Attorney and threatened to file liens against her based on the performance of her duties.  Doc. 1-2 at 15.  A correctional staff member prepared an incident report, and Stango was given a copy of the incident report on October 2, 2019.  Doc. 1-3 at 14.  Stango's disciplinary proceedings were delayed because the Federal Bureau of Investigation ("FBI") was investigating the matter for potential criminal prosecution.  Id. at 15.  After the Unit Discipline Committee ("UDC") referred the matter, DHO K. Humphrey conducted a disciplinary hearing on October 22, 2019.  Id. at 14.  Stango waived his right to witnesses, did not have documentary evidence, and waived his opportunity to have staff representation during the hearing.  Id.  Prior to the hearing, Stango was advised of his rights before the DHO on October 8, 2019.  Id.  DHO Humphrey concluded the evidence supported a finding of Stango having committed the prohibited act of use of mail for an illegal purpose, in violation of Code 196A.  Id. at 15.

As set forth in the attachments to the parties' pleadings, the record clearly reflects Stango received the required due process protections.  An incident report was issued on May 8, 2018,

and Stango received this incident report on October 2, 2019, due to the FBI's investigation into the matter.  Id. at 14, 15; Doc. 8-1 at 16, 17, 19–20.  Stango was advised of his rights before the DHO and received a copy of the notice of hearing and his rights on October 8, 2019.  Doc. 8-1 at 16, 21–22.  He received a DHO hearing on October 22, 2019.  Id. at 16.  Stango attended the hearing, and his rights were again read and reviewed with him.  Stango declined to have a staff representative and did not wish to present evidence or witnesses.  Id. at 16, 22.  Following the hearing, DHO Humphrey detailed her factual and legal conclusions, and Stango was provided with the DHO's written report on November 18, 2019.  Id. at 18.  Thus, the well-documented evidence unequivocally demonstrates Stango received advance written notice of the charges against him, attended the hearing, was given the opportunity to call witnesses and present documentary evidence, and received a written statement setting forth the DHO's findings of fact.  Nonetheless, the Court further addresses Stango's specific argument regarding the admission of exculpatory evidence.[2]

Here, Stango contends the DHO did not consider his "exculpatory evidence," resulting in the violation of his right to due process during the disciplinary process.  Doc. 1 at 6; Doc. 1-2 at 6.  "[P]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff, 418 U.S. at 556.  The Eleventh Circuit has stated, "[I]nmates facing disciplinary proceedings do not have a constitutional right to the disclosure of material, exculpatory evidence."  Major v. Toole, Civil Action No. 5:15-CV-483, 2018 WL 5811484, at *4 (M.D. Ga. Nov. 6, 2018) (citing Kenney v. Barron, 239 F. App'x 494, 495 (11th Cir. 2007) ("We have never held that the principles of

---

[2]  Stango does not identify the specific evidence he claims was exculpatory in his Petition. Doc. 1. Instead, he points the Court to documents he attached to his Petition and which appear to have been submitted in other proceedings.  Id. at 7; Docs. 1-2, 1-3.

[Brady v. Maryland, 373 U.S. 83 (1963),] extend to prison disciplinary hearings, and we need not decide that issue in this case.")); Eraso v. Wells, No. CV309-080, 2010 WL 2990048, at *4 (S.D. Ga. June 25, 2010) (citing Kenney, 239 F. App'x at 495).

Stango presents no argument or case law—nor was the Court able to locate any—indicating the requirements of due process are violated if a DHO does not consider every piece of exculpatory evidence an inmate seeks to offer at a disciplinary proceeding.  Respondent moved to dismiss Stango's Petition on the grounds due process requirements were met, and Stango offers nothing to refute these grounds.  Moreover, Stango does not indicate what his "exculpatory evidence" was.  To the extent Stango wishes for the letter dated September 27, 2018 to exculpate him of the disciplinary charges, doc. 1-2 at 3–7, it cannot do so.  This letter is dated months after the charged violation and in no way absolves him of his charged infraction.  Even if Stango moved to dismiss his complaint against the Assistant United States Attorney months later, the letter does not prove his innocence of the charges and does not reveal the DHO's decision is not based on some evidence, as discussed in the next subsection.  Nor is Stango able to successfully argue this letter's failed admission or consideration during the disciplinary proceedings violates due process.  Indeed, the record before the Court indicates Stango did not have any documentary evidence to present during the disciplinary hearing, though he did disavow having authored the letter, claiming a "jailhouse lawyer" wrote it and he signed it.  Doc. 8-1 at 16, 17.

The Court should **GRANT** this portion of Respondent's Motion to Dismiss.

B.     **Some Evidence Supports the DHO's Findings**[3]

Additionally, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843, 845 (11th Cir. 2011).[4] "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 456. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Tedesco v. Sec'y for Dep't of Corr., 190 F. App'x 752, 757 (11th Cir. 2006) (internal citation omitted).

The DHO's finding that Stango committed the changed offense of possession of anything not authorized is supported by "some evidence." Specifically, DHO Humphrey considered the incident report, the letter attributed to Stango, and Stango's statement he signed the letter, although a jailhouse lawyer drafted the letter. Doc. 8-1 at 4, 17. The record before the Court

---

[3]    Stango does not appear to challenge the sufficiency of the evidence used to convict him of a disciplinary infraction. The Court addresses the "some evidence" standard for completeness purposes and because Respondent raises this in her Motion to Dismiss.

[4]    The "some evidence" standard is a requirement of procedural, not substantive, due process. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) ("We now hold that revocation of good time does not comport with 'the minimum requirements of procedural due process, unless the findings of the prison disciplinary board are supported by some evidence in the record.'") (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)); see also O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (noting in Wolff and Hill "the Supreme Court addressed the requirements of procedural due process in the prison setting[]").

reveals Stango received all of the due process protections afforded him during the disciplinary proceedings, and any contention to the contrary is without merit. Thus, the Court should **GRANT** this portion of Respondent's Motion.

## II. Solitary Confinement Act

Stango contends his placement in the special housing unit for 180 days violated the Solitary Confinement Act. Doc. 1 at 7; Doc. 1-2 at 6; Doc. 1-3 at 10. However, this "Act" provides no relief to Stango, as it has not been made into law. Instead, this bill, known as the Solitary Confinement Reform Act, S. 719, was introduced in the United States Senate, was read twice, and referred to the Committee on the Judiciary on March 7, 2019. https://www.congress.gov/bill/116th-congress/senate-bill/719/all-info (last visited Feb. 18, 2021).

The Court should **GRANT** this portion of Respondent's Motion. It is unnecessary to address the alternative reasons this "Act" does not provide Stango with any relief.

## III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Stango leave to appeal *in forma pauperis*. Though Stango has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United

7

States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Stango's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Stango *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Stango's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Stango *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of February, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA